IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW P. AMOS, | : | 1:12-cv-2145 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| NMS LABS, | : | |
| Defendant. | : | |

# MEMORANDUM

## February 11, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 10), filed on January 22, 2013, which recommends that we grant Defendant NMS Labs' Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 3). Objections to the R&R were due by February 8, 2013 and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons set forth below, the R&R shall be adopted in its entirety.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

*Pro se* Plaintiff Matthew P. Amos ("Plaintiff" or "Amos") filed this matter in the York County Court of Common Pleas. On October 26, 2012, Defendant removed the matter to this Court based on federal question jurisdiction. (Doc. 1). Distilled to its essence, Plaintiff's claim is that his Sixth Amendment right to confront witnesses against him was violated when he was unable to cross-examine

the analyst who tested his blood in relation to a DUI offense in York County. For the reasons that follow, Plaintiff has not stated a legally cognizable 42 U.S.C. § 1983 claim against Defendant NMS Labs.

To establish a § 1983 claim, the Plaintiff must prove the following two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff's claim necessarily fails here because the Defendant, NMS Labs, did not violate the Plaintiff's Sixth Amendment rights. While it may be true that Dr. Barbieri of NMS Labs, and not the actual phlebotomist that performed the tests, testified in the York County proceedings against Plaintiff, it was the Commonwealth, not NMS Labs that called this witness to testify regarding the blood test reports. NMS Labs had absolutely no control over the York County Court's decision to admit the lab report through Dr. Barbieri's testimony. Accordingly, because the conduct of NMS Labs did not deprive Plaintiff of his rights under the United States Constitution, his claim fails. Furthermore, Plaintiff's perjury claim against NMS Labs also fails because there is no private cause of action for perjury under Pennsylvania law. Further, to the extent Plaintiff is attempting to assert this claim under §1983, a witness who

testifies at trial is absolutely immune from a §1983 action for damages. *See Broscoe v. LaHue,* 460 U.S. 325 (1983); *see also Kulwicki v. Dawson,* 969 F. 2d 1454, 1467 n. 16 (3d Cir. 1992)(a witness who testifies falsely at trial is absolutely immune from a §1983 action for damages).

As we have already mentioned, neither party has filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.